UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Scott Wade Ramey, | Civ. No. 25-1722 (JWB/DJF) |
| Petitioner, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| Warden, MCF Rush City, | |
| Respondent. | |

---

Scott Wade Ramey, pro se Petitioner.

Thomas R. Ragatz, Esq., Minnesota Attorney General's Office, counsel for Respondent.

On May 1, 2025, United States Magistrate Judge Dulce J. Foster issued a Report and Recommendation ("R&R") recommending the denial of Petitioner Scott Wade Ramey's Petition for a Writ of Habeas Corpus. (Doc. No. 3.) After Ramey was granted an extension (*see* Doc. No. 10), he filed an objection to the R&R on June 23, 2025 (Doc. No. 11). For the reasons below, the R&R is accepted, Ramey's petition is denied as untimely, and this matter is dismissed.

District courts review de novo the portions of an R&R to which an objection is made and "may accept, reject, or modify the recommended disposition." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). Any aspect of an R&R to which no objection is made is reviewed for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Because Petitioner is pro se, his petition and objections are entitled to liberal

construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The R&R recommends dismissing Ramey's Petition because it was not filed within the one-year statute of limitations for § 2254 petitions. *See* 28 U.S.C. § 2244(d). After accounting for the periods during which Ramey's direct appeal and petition for post-conviction relief were considered in state courts, Ramey filed his habeas petition four months after the one-year limitations period concluded. (Doc. No. 3 at 2–3.)

Ramey's objection to the R&R consists of two documents: a copy of Minn. Stat. § 609.342, annotated with handwritten notes, and the State's appellate brief from his direct appeal. (Doc. Nos. 11, 11-1.) These materials repeat arguments made in his original petition—that the victim lied and the prosecution of his criminal case contained inconsistencies. Ramey does not address the untimeliness of his habeas petition or identify any legal or factual error in his R&R. He also submitted medical records in a separate filing. (Doc. No. 12.) To the extent Ramey is attempting to use those records to challenge the conditions of his confinement, such claims are not cognizable in a habeas proceeding. *See Spencer v. Haynes*, 774 F.3d 467, 469–70 (8th Cir. 2014).

After a careful review of the portions of the R&R not specifically objected to, they are neither clearly erroneous nor contrary to law. Based on that review, and in consideration of the applicable law, the R&R is accepted in its entirety.

## ORDER

Based on the R&R of the Magistrate Judge, and all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner Scott Wade Ramey's Objection to the Report and

Recommendation (Doc. No. 11) is **OVERRULED**;

2. The May 1, 2025 Report and Recommendation (Doc. No. 3) is **ACCEPTED**;

3. Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED** as untimely;

4. Petitioner's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is **DENIED**;

5. This matter is **DISMISSED**; and

6. No certificate of appealability is issued.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: July 23, 2025                                       *s/ Jerry W. Blackwell*
                                                          JERRY W. BLACKWELL
                                                          United States District Judge